I respectfully dissent, in part, from the majority opinion involving the issue of the alleged ineffective assistance of trial counsel. See assignment of error 9. The majority correctly cites the standard of review for ineffective assistance of trial counsel, consequently it requires no repeating at this juncture.
This case is a close call, lacking any semblance of overwhelming evidence of guilt. The only evidence linking appellant to the crime is the identification testimony of the victim who picked the appellant out of a photographic array shown him approximately four months after the offenses. No forensic or physical evidence links appellant to the crimes herein. None of the victim's stolen possessions were found in appellant's possession. Appellant was not charged for similar postal-inspired crimes committed in East Cleveland, nor was he a suspect in a similar crime committed in Cleveland's Fifth Police District. In opposition, innocence hinges on the credibility of the appellant's alibi witness, who was painting on appellant's father's property on the date of the offenses herein.
Several of the instances of alleged ineffectiveness, taken together, could reasonably be said to have affected the outcome of the trial and cannot be minimized under the rubric of trial tactics. It is hard to imagine that defense counsel aided his case by taking the following non-actions: (1) failing to focus the alibi testimony to the precise time on the date of the offense when appellant was allegedly observed at the painting location, which knowledge of the precise time may have cast doubt on the determination that appellant was at the scene of the offenses; (2) failing to elucidate that appellant had lived in the general area of the offenses, which could lead one to conclude that appellant's face was known to the victim prior to the offenses, thereby influencing the victim to mistakenly identify the appellant in the photographic array; and, (3) failing to question the responding police officers about certain conditions at the crime scene which may have shown that no robbery had occurred, thereby aiding the defense theory that the victim had fabricated the report of the crimes. No tactical advantage was achieved by not advancing these lines of examination. Thus, I would reverse the appellant's conviction for a new trial based on ineffective assistance of trial counsel.
Prior to closing this partial dissent, I note for the record that I, too, am troubled by the appearance of impropriety presented by the allegation that defense counsel and the prosecutor practiced law out of the same office space during the time of appellant's trial. However, as correctly stated by the majority, this allegation was not raised before the trial court, cannot now be considered in this appeal, but could be explored more fully in a properly framed petition for post-conviction relief.